HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

APRIL FERGUSON, et al.,

        Plaintiffs,

v.

LAURA THOMPSON et al.,

        Defendants.

CASE NO. C19-5402RBL

ORDER

THIS MATTER is before the Court on Plaintiffs Chadwick and April Ferguson's motion for leave to proceed *in forma pauperis*, supported by their Declaration of indigency and proposed complaint [Dkt. #s 1 and 3].

As an initial matter, Mr. Ferguson is employed, and reports a take-home pay of $3500 a month (and $75000 per year). He suggests that the actual numbers may be higher. The Fergusons claim a lot of expenses, including the special needs child who is at the heart of their complaint, as well as car and house payments, and claim that they are struggling financially.

The standard governing *in forma pauperis* eligibility under 28 U.S.C. § 1915(a)(1) is "unable to pay such fees or give security therefor." A person is eligible if they are unable to pay the costs of filing and still provide the necessities of life. *See Rowland v. Cal. Men's Colony,*

1  *Unit II Men's Advisory Council*, 506 U.S. 194, 203 (1993) (internal quotations omitted). The Court allows litigants to proceed *in forma pauperis* only when they have sufficiently demonstrated an inability to pay the filing fee. This generally includes incarcerated individuals with no assets and persons who are unemployed and dependent on government assistance. *See, e.g., Ilagan v. McDonald*, 2016 U.S. Dist. LEXIS 79889, at *2 (D. Nev. June 16, 2016) (granting petition based on unemployment and zero income); *Reed v. Martinez*, 2015 U.S. Dist. LEXIS 80629, at *1, 2015 WL 3821514 (D. Nev. June 19, 2015) (granting petition for incarcerated individual on condition that applicant provides monthly payments towards filing fee).

It does not include those whose access to the court system is not blocked by their financial constraints, but rather are in a position of having to weigh the financial constraints pursuing a case imposes. *See Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 686 F. Supp. 385, 388 (N.D. N.Y.), *aff'd*, 865 F.2d 22 (2d Cir. 1988) (denying petition to proceed IFP because petitioner and his wife had a combined annual income of between $34,000 and $37,000).

Leaving aside the merits of their proposed complaint, the Fergusons have not demonstrated their entitlement to in forma pauperis status based on their income. Their motion for leave to proceed *in forma pauperis* is therefore **DENIED**. They shall pay the filing fee or voluntarily dismiss this complaint within 21 days or it will be dismissed.

IT IS SO ORDERED.

Dated this 20th day of June, 2019.

_____
Ronald B. Leighton
United States District Judge

ORDER - 2